**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| H CONTRACTORS, LLC, | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| v. | ) CASE NO. |
| | ) |
| E.J.H. CONSTRUCTION, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

Plaintiff, H Contractors LLC ("H Contractors"), by and through its counsel Dingess, Foster, Luciana, Davidson & Chleboski LLP, hereby files this Complaint against E.J.H. Construction, Inc. ("EJH"), and in support thereof avers as follows:

## INTRODUCTION

1.      The lawsuit arises out of projects for renovation of three Park Inn by Radisson hotels.  EJH was the general contractor on the projects, and it subcontracted with H Contractors to perform interiors and finish work on the projects.  Although H Contractors fully and properly performed its work on the projects, EJH has failed and refused to pay any compensation whatsoever to H Contractors.  H Contractors seeks recovery of amounts due and owing as a result of EJH's breaches of its subcontract with H Contractors, which exceed $170,000, plus interest.  Additionally, H Contractors seeks penalties and attorneys' fees under Pennsylvania's Contractor and Subcontractor Payment Act due to EJH's multiple violations of that act.

## PARTIES

2.      Plaintiff H Contractors is a Virginia limited liability company with its principal place of business located at 7753 Patriot Drive, Apartment 1, Annandale, Virginia 22003.  H

Contractors is a subcontractor engaged in the business of interiors and finishes construction and renovation work.

3.     Defendant EJH is a Michigan corporation with its principal place of business located at 30896 West 8 Mile Road, Farmington Hills, Michigan 48336.  EJH is a full service general contractor engaged in the business of commercial construction and renovation, disaster mitigation, and disaster restoration.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper pursuant to 28 U.S. Code § 1332 because there is complete diversity and the damages sought by H Contractors exceed the jurisdictional amount of $75,000, exclusive of interest and costs.

5.     Venue is appropriate pursuant to 28 U.S. Code § 1391 because a substantial part of the events or omissions giving rise to this action occurred in the Western District of Pennsylvania.

## FACTS COMMON TO ALL COUNTS

### A.     THE PROJECTS

6.     This matter arises from three projects for interior renovation work (demolition and reconstruction) at three Park Inn by Radisson hotels, which are located in Uniontown, Clarion, and Beaver Falls, Pennsylvania (the "Projects").

7.     The work on the Park Inn by Radisson in Clarion ("Clarion Project") generally involved the renovation of certain interior spaces within the hotel, including the restaurant, bar, ballroom, and pre-function area.

8.      The work on the Park Inn by Radisson in Beaver Falls ("Beaver Falls Project") generally involved the renovation of certain interior spaces within the hotel, including the restaurant and bar.

9.      The work on the Park Inn by Radisson in Uniontown ("Uniontown Project") generally involved the renovation of certain interior spaces within the hotel, including the bar and restaurant.

10.     EJH was the general contractor for the Projects.

11.     EJH contracted with multiple trade subcontractors, including mechanical, electrical and interiors/finish subcontractors to perform work on the Projects.

12.     EJH contracted with H Contractors to perform the interiors and finishes work on the Projects as described below.

**B.      SUBCONTRACT AGREEMENT BETWEEN EJH & H CONTRACTORS**

13.     On or about June 29, 2015, EJH and H Contractors entered into a subcontract agreement whereby H Contractors agreed to perform work in connection with the Projects ("Subcontract Agreement").  The Subcontract Agreement was memorialized by a New Vendor Information Packet provided by EJH and executed by H Contractors and email correspondence exchanged between H Contractors and EJH on or about June 29, 2015.  (A true and complete copy of the New Vendor Information Packet and the June 29, 2015, email correspondence between H Contractors and EJH is attached hereto as Exhibit 1 and is incorporated herein as if fully set forth at length.)

14.     Pursuant to the Subcontract Agreement, H Contractors agreed to perform demolition and installation of framing, sheetrock, spackling compound, trim, paneling, flooring,

and wallpaper, as well as painting, assembly of furniture, cleanup and trash removal at the Projects as directed by EJH (collectively, "Interiors Work").

16. In consideration for performance by H Contractors of Interiors Work, EJH agreed to compensate H Contractors on a "time and materials" basis in the amount of $35 per hour for each and every regular-time hour performed on the Projects by H Contractors' workers and to fully reimburse H Contractors for all costs it incurred in connection with the Projects for materials and equipment.

**C.    H CONTRACTORS' PERFORMANCE OF INTERIORS WORK AND PREMIUM-TIME WORK ON THE PROJECTS**

16. As contemplated by the Subcontract Agreement, between July 2015 and August 2015, EJH gave numerous directives to H Contractors to perform Interiors Work on each of the Projects and otherwise directed and oversaw H Contractors' Interiors Work.

17. From the first day on each of the Projects, EJH also directed H Contractors to work significant overtime (night time and weekend hours) in order to accelerate the completion of certain portions of the Interiors Work at each of the Projects (the "Premium-Time Work").

18. EJH and H Contractors mutually agreed that H Contractors would perform Premium-Time Work as directed by EJH, but that H Contractors would be compensated $52.50 for each hour of overtime work performed by H Contractors' workers.

19. Between approximately July 3, 2015 and August 10, 2015, H Contractors performed approximately 939 hours of regular-time Interiors Work as well as 121 hours of Premium-Time Work on the Beaver Falls Project as directed by EJH.

20. Between approximately July 3, 2015 and August 2, 2015, H Contractors performed approximately 660 hours of regular-time Interiors Work as well as 140 hours of Premium-Time Work on the Uniontown Project as directed by EJH.

21.     Between approximately July 3, 2015 and August 10, 2015, H Contractors performed approximately 2,140 hours of regular-time Interiors Work and 537 hours of Premium-Time Work on the Clarion Project as directed by EJH.

22.     H Contractors performed all Interiors Work and Premium-Time Work on the Projects in accordance with EJH's directives, the Subcontract Agreement, and the agreement between the Parties concerning Premium-Time Work.

23.     EJH maintained daily time sheets that tracked in detail all of the hours of regular-time Interiors Work and all of the hours of Premium-Time Work performed by H Contractors on each of the Projects.

24.     In addition, H Contractors separately maintained its own notebook of timesheets, detailing all hours of regular-time Interiors Work and Premium-Time work performed by H Contractors on each of the Projects.

25.     In connection with performing its Interiors Work on the Clarion Project, H Contractors also incurred material and equipment costs in the amount of $522.06.

**D.     H CONTRACTORS' FIXED-PRICE WORK ON THE CLARION PROJECT**

26.     In early August, EJH requested that H Contractors provide a fixed-price proposal for performance of interiors and finishes renovation work for a portion of the work required of EJH for the Clarion Project, which was in addition to the Interiors Work EJH directed H Contractors to perform on a "time & materials" basis as averred above.

27.     Specifically, EJH requested a fixed-price proposal for interiors and finishes renovation work on two public restrooms, the lobby, and reception area at the Clarion Project (the "Fixed-Price Work").

28.     Thereafter, H Contractors provided to EJH, and EJH accepted, a proposal whereby H Contractors would complete the Fixed-Price Work for a fixed price of $50,762 (for labor), plus all costs incurred for materials and equipment in connection with performing such work.

29.     In accordance with the agreement between the parties and EJH's directives, H Contractors began performing the Fixed-Price Work in August of 2015.

30.     H Contractors performed the Fixed-Price Work as directed by EJH for approximately eight days.

31.     On or about August 9, 2015, EJH directed H Contractors to suspend its performance of the Fixed-Price Work.

32.     As of the time EJH directed H Contractors to suspend the Fixed-Price Work, H Contractors had properly completed approximately twenty percent (20%) of the Fixed-Price Work.

33.     EJH never allowed H Contractors to complete the Fixed-Price Work, but instead terminated H Contractors' work and thereby materially breached the agreement for performance of the Fixed-Price Work.

34.     H Contractors performed all Interiors Work, Premium-Time Work and Fixed-Price Work on the Projects in accordance with EJH's directives, the Subcontract Agreement, and the agreements between the parties with regard to the Premium-Time Work and the Fixed-Price Work.

35.     Indeed, EJH has not provided any notices to H Contractors of any alleged defects or deficiencies in the work performed by H Contractors on the Projects.  To the contrary, EJH

commended H Contractors for the high quality work it performed on the Projects and requested that H Contractors perform construction work on numerous additional projects for EJH.

E.    **EJH'S FAILURE TO PAY H CONTRACTORS**

36.    Between July 20, 2015 and no later than October of 2015, H Contractors submitted to EJH invoices seeking payment for amounts owed to H Contractors for the regular-time Interiors Work and Premium-Time Work it performed on the Projects as directed by EJH. Pursuant to such invoices, H Contractors sought payment of approximately $159,054, which EJH owed to H Contractors pursuant to the terms of the Subcontract Agreement and the agreement between the parties for performance of the Premium-Time Work.

37.    In addition, H Contractors also submitted to EJH an invoice seeking reimbursement for $522.06 in materials utilized on the Clarion Project pursuant to the Subcontract Agreement.

38.    Lastly, H Contractors submitted to EJH an invoice for twenty percent of the Fixed-Price Work performed by H Contractors on the Clarion Project, seeking payment of approximately $13,500.

39.    After submitting its invoices, H Contractors made demands upon EJH for payments.

40.    In response, EJH requested that H Contractors provide additional detail and supporting documentation for the invoices, which information was not specified as required under the terms of the Subcontract Agreement or the agreements of the Parties with respect to the Premium-Time Work and Fixed-Priced Work.

41.    H Contractors provided the additional detail and supporting documentation as requested by EJH.

42.     EJH has not disputed invoices or supporting documentation that H Contractors submitted to EJH for the work and materials provide in connection with the Projects, which invoices demonstrate that EJH owes H Contractors in excess of $170,000.

43.     Indeed, EJH informed H Contractors that it had accepted H Contractors' invoices as complete and proper.

44.     Despite repeated demands, EJH has failed and refused to make any payments to H Contractors for the work it performed and materials it provided in connection with the Projects.

45.     H Contractors has fully performed its obligations under the Subcontract Agreement (and the subsequent agreements between the parties concerning Premium-Time Work and the Fixed-Price Work) as directed by EJH.

46.     All conditions to EJH's obligation to pay H Contractors the amounts claimed herein have been satisfied, fulfilled, discharged, waived or otherwise excused.

## COUNT ONE
## BREACH OF CONTRACT

47.     The averments of the preceding paragraphs are incorporated by reference as if fully set forth herein.

48.     The Subcontract Agreement between H Contractors and EJH is valid and enforceable by H Contractors against EJH.

49.     EJH and H Contractors also entered into valid and enforceable agreements whereby EJH agreed to compensate H Contractors for (a) Premium-Time Work on the Projects at $52.50 per hour and (b) the Fixed-Price Work at a fixed price of $50,762 (for labor), plus all costs incurred for materials and equipment in connection with performing such work.

50.     H Contractors performed the work on each of the Projects in accordance with the Subcontract Agreement, the subsequent agreements between the parties, and the directives of EJH.

51.     In accordance with the agreements between the Parties, EJH owes H Contractors in excess of $170,000 for work and services provided in connection with the Projects.

52.     EJH has materially breached the agreements between the parties by failing to pay amounts due and owing to H Contractors for work performed on the Projects and by wrongfully terminating the Fixed-Price Work.

53.     The amounts demanded by H Contractors from EJH on the Projects represent the fair, reasonable and appropriate value of the work and materials provided by H Contractors on the Projects.

54.     As a direct and proximate result of EJH's breaches of the Subcontract Agreement (and the subsequent agreements between the parties concerning Premium-Time Work and the Fixed-Price Work), H Contractors has sustained damages in excess of $170,000.

WHEREFORE, H Contractors respectfully requests that this Honorable Court enter judgment in its favor and against EJH in an amount to be proven, which exceeds $170,000, plus interest, penalties, costs, attorneys' fees, and any such other relief as this Honorable Court deems just and equitable.

## COUNT TWO
## RECOVERY OF COMPENSATORY INTEREST UNDER CSPA

55.     The averments of the preceding paragraphs are incorporated by reference as if fully set forth herein.

56.     H Contractors performed the Interiors Work, Premium-Time Work, and Fixed-Price Work on each of the Projects in accordance with the Subcontract Agreement and directives

of EJH and, therefore, is entitled to payment from EJH pursuant to the Pennsylvania Contractor and Subcontractor Payment Act ("CSPA"), 73 P.S. §§ 505, 507(a).

57.     The Subcontract Agreement expressly provides that EJH is obligated to pay H Contractors for work performed on the Projects within thirty (30) days after H Contractors submits its invoices to EJH.

58.     Between July of 2015 and no later than October of 2015, H Contractors submitted to EJH invoices for work properly performed on the Projects as directed by EJH.

59.     Under the terms of the Subcontract Agreement, EJH was obligated to pay such invoices in full within 30 days of each submission.

60.     Despite repeated demands, EJH has failed to remit payment in any amount for the invoices submitted by H Contractors for the work performed and materials provided by H Contractors on each of the Projects.

61.     Consequently, pursuant to the CSPA, 73 P.S. § 507(d), H Contractors is entitled to compensatory interest at the rate of 1% per month, beginning the day after payment was due for each invoice, on the balance of the more than $170,000 due and owing to H Contractors.

WHEREFORE, H Contractors respectfully requests that this Honorable Court enter judgment in its favor and against EJH in an amount to be proven, which exceeds $170,000, plus interest, penalties, costs, attorneys' fees, and any such other relief as this Honorable Court deems just and equitable.

## COUNT THREE
## RECOVERY OF PENALTIES UNDER CSPA

62.     The averments of the preceding paragraphs are incorporated by reference as if fully set forth herein.

63.     Pursuant to the CSPA, 73 P.S. § 512(a), if litigation is commenced to recover payment due under the CSPA, and it is determined that a contractor failed to comply with the payment terms of the CSPA, the Court must award a penalty equal to 1% per month of the amount that was wrongfully withheld.

64.     EJH has failed to comply with the payment terms of the CSPA.

65.     Consequently, H Contractors is entitled to penalty interest in the amount of 1% per month on the balance of more than $170,000 wrongfully withheld by EJH (i.e., without a good faith basis and/or not reasonably proportional to the value of any claim held in good faith).

WHEREFORE, H Contractors respectfully requests that this Honorable Court enter judgment in its favor and against EJH in an amount to be proven, which exceeds $170,000, plus interest, penalties, costs, attorneys' fees, and any such other relief as this Honorable Court deems just and equitable.

<u>**COUNT FOUR**</u>
<u>**RECOVERY OF ATTORNEYS' FEES UNDER THE CSPA**</u>

66.     The averments of the preceding paragraphs are incorporated by reference as if fully set forth herein.

67.     Pursuant to the CSPA, 73 P.S. § 512(b), the substantially prevailing party in any proceeding to recover any payment under the CSPA is entitled to an award of a reasonable attorney fee together with expenses.

68.     Consequently, H Contractors is entitled to its attorneys' fees and expenses incurred in commencing this litigation to recover from EJH the more than $170,000 in payments due and owing to H Contractors.

WHEREFORE, H Contractors respectfully requests that this Honorable Court enter judgment in its favor and against EJH in an amount to be proven, which exceeds $170,000, plus

interest, penalties, costs, attorneys' fees, and any such other relief as this Honorable Court deems just and equitable.

**JURY TRIAL DEMANDED**

Dated:  March 29, 2016

Respectfully submitted,

/s/ David G. Meredith, Esq.
Ronald J. Chleboski, Jr. (PA ID No. 80521)
David G. Meredith (PA ID No. 307466)

**Dingess, Foster, Luciana, Davidson & Chleboski LLP**
PNC Center, Third Floor
20 Stanwix Street
Pittsburgh, PA  15222
Tel:  (412) 926-1800
rchleboski@dfllegal.com
dmeredith@dfllegal.com

*Counsel for Plaintiff, H Contractors, LLC*