# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| H CONTRACTORS, LLC, <br>     Plaintiff, <br><br> v. <br><br> E.J.H. CONSTRUCTION, INC., <br>     Defendant. <br><br><br> E.J.H. CONSTRUCTION, INC., <br>     Third-Party Plaintiff, <br><br> v. <br><br> Treepoint, LLC d/b/a/ D HOSPITALITY, <br>     Third-Party Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 16-368 <br><br> Magistrate Judge Lenihan <br><br> ECF No. 26 |

## MEMORANDUM OPINION

Presently before the Court is Third-Party Defendant Treepoint, LLC d/b/a D Hospitality's ("D Hospitality") Motion to Dismiss the Third-Party Complaint filed by Defendant/Third-Party Plaintiff, E.J.H. Construction, Inc. ("EJH"). For the reasons discussed below, the Motion to Dismiss (ECF No. 26)[1] will be denied.

RELEVANT FACTS AND ALLEGATIONS

The original Plaintiff, H Contractors, LLC ("H Contractors"), initiated the above-captioned case against EJH for breach of contract on March 29, 2016. (ECF No. 1.) H Contractors filed an Amended Complaint on April 1, 2016. (ECF No. 4.) H Contractors alleges

---

[1] When originally filed on August 8, 2016, D Hospitality's Motion to Dismiss also included, in the alternative, a Motion to Strike pursuant to Federal Rule of Civil Procedure Rule 14(a)(4). On December 8, 2016, D Hospitality made an oral motion to withdraw the Motion to Strike. (ECF No. 43.)

that it contracted with EJH to perform various construction services on three (3) separate Park Inn by Radisson hotels located in Uniontown, Clarion and Beaver Falls. H Contractors alleges that EJH was the general contractor and that it was a subcontractor. H Contractors alleges that it was not paid for its work. (ECF No. 4 ¶¶ 1, 7, 11, 45.)

After filing its Answer on May 31, 2016, EJH filed its Third-Party Complaint against D Hospitality on June 14, 2016. (ECF No. 19.) Therein, EJH alleges that D Hospitality was the general contractor on renovation work at four (4) Park Inn by Radisson hotels located in Beaver Falls, Uniontown, Indiana, and Clarion ("the Projects"). (ECF No. 19 ¶¶ 7-8.) EJH further alleges that D Hospitality hired EJH as a subcontractor to immediately begin work on the Projects. (ECF No. 19 ¶¶ 9, 12-14.) D Hospitality, according to Third-Party Plaintiff EJH, represented that EJH would be paid according to the terms of an unsigned contract totaling $2,989,388. (ECF No. 19 ¶ 10.) Based on that promise, EJH mobilized within two (2) days and began renovations to the Indiana hotel. (ECF No. 19 ¶ 14.) EJH alleges that D Hospitality has failed to pay it for any of the work performed by EJH and that D Hospitality disputes its own contractual terms set out in the unsigned contract it provided to EJH before construction began. (ECF No. 19 ¶¶ 20-24.) EJH further alleges that as a result of D Hospitality's actions, EJH could not pay EJH's subcontractor, H Contractors. (ECF No. 19 ¶¶ 51-52.)

In its Third-Party Complaint, EJH alleges claims for breach of implied-in-fact contract; unjust enrichment; promissory estoppel; fraudulent inducement; contribution/indemnification; and for violation of the Pennsylvania Contractor and Subcontractor Payment Act. (ECF No. 19 ¶¶ 27-60.)

On December 18, 2016, H Contractors and EJH filed a Joint Stipulation for Dismissal wherein the parties stipulated to the dismissal with prejudice of all claims asserted or that could

have been asserted by and between H Contractors and EJH consistent with the terms of their Settlement Agreement and Mutual Release. (ECF No. 45.) This Court entered an order granting the Joint Stipulation of Dismissal on December 28, 2016. (ECF No. 46.)

LEGAL STANDARD

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler[v. UPMC Shadyside*, 578 F.3d [203,][] 213 [(3d Cir. 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d*, § 1357; *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990)). That is, a "'document *integral to or explicitly relied* upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996) (emphasis added by *Burlington* Court)). A court may also consider indisputably authentic documents. *Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

Here, in support of its Motion to Dismiss Third-Party Complaint, D Hospitality argues the following: 1) the Third-Party Complaint fails to state legally sufficient claims for contribution and indemnification under Pennsylvania law and therefore, is not proper under Federal Rule of Civil Procedure 14; 2) Third-Party Plaintiff EJH fails to state a legally sufficient claim for fraudulent inducement pursuant to Federal Rule of Civil Procedure 9, and because this claim is barred by the economic loss and/ or gist of the action doctrines. (ECF No. 27 at 4-8.) Third-Party Plaintiff EJH responds that 1) impleader is proper pursuant to Federal Rule of Civil Procedure 14 because the unsigned contract in issue contains an indemnification clause; 2) the Third-Party Complaint survives the Rule 9(b) pleading standard; and 3) the fraudulent inducement claim is not barred by the gist of the action and/or the economic loss doctrines.

ANALYSIS

**Impleader**

Federal Rule of Civil Procedure 14 sets out the requirements that must be met in order to implead a third-party defendant. Rule 14 provides in relevant part that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Impleader "must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant. Thus, it must be an assertion of the third-party defendant's *derivative* liability to the third-party plaintiff." 3 James Wm. Moore et al., *Moore's Federal Practice* § 14.04[3][a] (3d ed. 2016)

(emphasis in original) (footnote omitted). An example of a third-party defendant's derivative liability to the third-party plaintiff is as follows:

> Perhaps the classic case for impleader is one in which the third-party defendant is obligated by contract to indemnify the defendant against the liability on which the plaintiff has sued. If the claim is within the scope of the agreement to indemnify, there is no doubt that impleader is proper.

*Id.* § 14.04[3][b] (footnote omitted).

Relevant here is Article 8 of the unsigned contract between the Third-Party Plaintiff EJH, and the Third-Party Defendant D Hospitality. The contract provides in part as follows:

**ARTICLE 8**
**INDEMNITY**
8.1 <u>Indemnity.</u> The parties agree to indemnify and hold harmless the other from and against lawsuits, claims, damages, losses, liabilities, demands, and expenses, including but not limited to reasonable attorney's fees and reasonable litigations costs, to the extent the other party is found to be liable for breach of contract, negligence, or other fault arising out of or resulting from the performance of the Work under this Agreement, except to the extent caused by the breach of contract, negligence, or other fault of the other party.

(Subcontract Agreement, ECF No. 19-1 at 11-12.) Third-Party Plaintiff EJH contends that it had no choice but to file its Third-Party Complaint against D Hospitality, since "any fault on the part of EJH as it relates to H Contractors stems from D H[ospitality]'s misrepresentations to induce EJH to begin work on the Projects, and subsequent failure to pay EJH for the work it performed on the Projects." (EJH's Response to Motion to Dismiss, ECF No. 35 at 2-3.)

D Hospitality contends that under Pennsylvania common law, claims for contribution and common law indemnity are available only for liability that sounds in tort and not for breach of contract. Therefore, impleader is improper here. (Brief in Support of Motion to Dismiss, ECF No. 27 at 4-5.)

In Pennsylvania, however, "where there is a written indemnity agreement between the parties, common law indemnity is not available." *EQT Prod. Co., v. Terra Servs., LLC,* 179 F. Supp.3d 486, 496 (W.D. Pa. 2016) (citing *Fid. Nat. Title Ins. Co. v. B&G Abstractors, Inc.,* No. 2:15-CV-835, 2015 WL 6472216, at *10 (W.D. Pa. Oct. 27, 2015) ("[T]he Pennsylvania Supreme Court has held that where 'there is a written contract setting forth the rights and duties of the parties,' the terms of the contract, rather than common law principles of indemnity, govern.") (other citation omitted)).

Accepting all of EJH's factual allegations as true, and construing them in the light most favorable to Third-Party Plaintiff EJH, and drawing all reasonable inferences therefrom, EJH has stated a plausible claim for relief and impleader is proper in light of Article 8 of the unsigned contract. Therefore, the Court will deny Third-Party Defendant D Hospitality's Motion to Dismiss the Third-Party Complaint on this basis.

**Fraudulent Inducement**

As to the fraudulent inducement claim, D Hospitality first argues that the allegations of the Third-Party Complaint do not satisfy the heightened pleading standard of Rule 9(b).

EJH responds that it has adequately pled fraud in the inducement, especially in light of Exhibit 4 to the Third Party Complaint. EJH contends that this email demonstrates in D Hospitality's own words, that it never intended to be bound by the terms of the unsigned contract, and that it would refuse to adhere to those terms. (ECF No. 35 at 6-7.)

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

More specifically, in order to state a claim for fraudulent inducement, a plaintiff must allege the following:

> "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Skurnowicz* [*v. Lucci*], 798 A.2d [788,] [] 793 [(Pa. Super. Ct. 2002)], quoting [] *Bortz v. Noon*, [] 729 A.2d 555, 560 (1999)."

*Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1185 (Pa. Super. Ct. 2005).

In Count IV of its Third Party Complaint, EJH alleges that D Hospitality represented to EJH that it would sign the contract once EJH began its work per the terms of the contract and that EJH would be paid pursuant to those terms. D Hospitality made this representation knowing, at the time, that it had no intention of signing the contract and paying EJH. D Hospitality made this representation to induce EJH to begin its performance without the intention of paying EJH. EJH, relying upon D Hospitality's representation, began its work and expected to be paid pursuant to the contract terms. Finally, Plaintiff alleges that D Hospitality failed to pay EJH for any of the work it performed, and that as a result, EJH suffered damages. (ECF No. 19 ¶¶ 44-49.) The Court finds that at the motion to dismiss stage, Plaintiff has stated facts sufficient to state a plausible claim for fraudulent inducement pursuant to *Twombly* and its progeny. *See Twombly*, 550 U.S. at 555. Upon the completion of discovery, D Hospitality may file a motion for summary judgment on the fraudulent inducement claim if the summary judgment record does not support the claim.

D Hospitality further argues that the fraudulent inducement claim is barred by the economic loss and/or gist of the action doctrines. (ECF No. 27 at 6-8.) EJH responds that the claim of fraudulent inducement is collateral to the terms of the contract itself, and therefore, the gist of the action doctrine does not apply.

"Generally, the gist-of-the-action doctrine precludes a party from raising tort claims where the essence of the claim actually lies in a contract that governs the parties' relationship." *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 718 (Pa. Super. Ct. 2005). "[T]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Redev. Auth. of Cambria Cnty. v. Int'l Ins. Co.*, 685 A.2d 581, 590 (Pa. Super. Ct. 1996) (en banc), *quoted in Bohler-Uddeholm America, Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 103 (3d Cir. 2001). Accordingly, a claim is limited to contract law when "the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied in the law of torts." *Bash v. Bell Tel. Co.*, 601 A.2d 825, 830 (1992).[2]

The Pennsylvania Superior Court has frequently applied the gist of the action doctrine to claims for fraud in performance of a contract, but not to claims for *fraud in the inducement*. *See Sullivan*, 873 A.2d at 719 ("Following a thorough analysis of the issue, the *eToll* court concluded that the gist-of-the-action doctrine would apply to bar a claim for fraud in the performance of a contract. However, it also observed that the gist-of-the-action doctrine would not necessarily bar a fraud claim stemming from the fraudulent inducement to enter into a contract.") (citing *eToll*,

---

[2] *See also Koresko v. Bleiweis*, Civ. A. 04-CV-769, 2004 WL 3048760, *3 (E.D. Pa. Dec. 30, 2004) (observing that the existence of a contractual relationship is not dispositive in determining whether a tort claim may lie; rather, the essential question is the violation of an additional duty distinct from the contractual obligations) (citing *Bohler-Uddeholm*).

8

*Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10 (Pa. Super. Ct. 2002)).[3] *See also Air Prod. & Chem., Inc. v. Eaton Metal Prod. Co.*, 256 F. Supp.2d 329, 341 (E.D. Pa. 2003), *quoted in Sullivan*, 873 A.2d at 719 (noting that "fraud in the inducement claims are much more likely to present cases in which a social policy against the fraud, external to the contractual obligations of the parties, exists").[4] This distinction becomes somewhat problematic, however, where the alleged misrepresentations that induce a contract also constitute promises that form the contract's terms.

In *Williams v. Hilton Group PLC*, 93 F. App'x 384 (3d Cir. 2004) (*per curiam*), the Third Circuit affirmed dismissal of fraud claims under the gist of the action doctrine involving breach of an exclusive negotiation agreement despite evidence that the defendant never intended to honor its promise of exclusivity. However, the *Williams* court did not have the benefit of the Superior Court's subsequent decision in *Sullivan*, which permitted a claim for fraud in the inducement predicated upon the same promises that it found to be sufficient to make out a contract claim. As the *Sullivan* court explained,

> Appellant alleged that Appellee fraudulently and/or negligently agreed to perform obligations that it never intended to perform in order to induce Appellant to agree to the proposed changes . . . . Accordingly, we conclude that since Appellant's tort claims relate to the inducement to contract, they are collateral to the performance of the contracts and therefore, are not barred by the gist-of-the action doctrine.

---

[3] The *eToll* court summarized the "persuasive authority interpreting Pennsylvania law" on the gist of the action doctrine as barring tort claims: (1) "arising solely from a contract between the parties," (2) where "the duties allegedly breached were created and grounded in the contract itself," (3) where "the liability stems from a contract," or (4) where the tort claim "essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." 811 A.2d at 19 (internal citations omitted).

[4] The court in *Air Products* further explained that "fraud to induce a person to enter a contract is generally collateral to (i.e., not 'interwoven' with) the terms of the contract itself." 256 F. Supp.2d at 341.

*Sullivan*, 873 A.2d at 719. This conclusion undercuts the majority holding in *Williams*, and supports the dissent's view that under the Pennsylvania cases, where there is "fraudulent intent, i.e. a subjective and undisclosed intent not to perform, a fraud claim is stated." *Williams*, 93 F. App'x at 390 (Becker, J., dissenting). *See also Williams*, 93 F. App'x at 386, 387 (recognizing that the gist of the action doctrine "appears to call for a fact-intensive judgment as to the true nature of a claim," and accordingly explicitly limiting its per curiam opinion to "the particular facts presented").[5]

In 2014, the Pennsylvania Supreme Court expounded upon the gist of the action doctrine for the first time in *Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014). In *Bruno*, the Pennsylvania Supreme Court announced that the "source of duty" inquiry is the "touchstone standard for ascertaining the true gist or gravamen of a claim[.]" 106 A.3d at 68. The *Bruno* court noted the following:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract— then the claim is to be viewed as one for breach of contract. . . . If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Id.* Therefore, if the facts underlying the claim "establish that the duty owed to a plaintiff arises from the defendant's specific promise to do something, the doctrine applies as the duty breached is rooted in the contract." *Patel v. Patel*, Civil Action No. 14-5845, 2016 WL 3000821, at *3

---

[5] As noted above, Judge Becker's dissent in *Williams* distinguished, in light of Pennsylvania case law, those breach of contract cases in which the party had no present intention to perform the contract terms from those in which the party intended - but later failed - to perform.

10

(E.D. Pa. May 25, 2016).[6]

Here, the Court is further guided by the United States Court of Appeals for the Third Circuit:

> "[W]hile the existence of a contractual relationship between two parties does not prevent one party from bringing a tort claim against another, the gist of the action doctrine precludes tort suits for the mere breach of contractual duties"; the plaintiff must instead point to independent events giving rise to the tort. *Addie v. Kjaer*, 737 F.3d 854, 865-66 (3d Cir. 2013). Thus, "[a]pplication of this doctrine frequently requires courts to engage in a factually intensive inquiry as to the nature of a plaintiff's claims." *Id.* at 868.

*Frank C. Pollara Grp., LLC v. Ocean View Investment Holding, LLC*, 784 F.3d 177, 186 (3d Cir. 2015) (quoting *Addie*, 737 F.3d at 865-66, 868). In light of this guidance, the Court must proceed cautiously in evaluating Third-Party Plaintiff's fraudulent inducement claim and whether it is barred by the gist of the action doctrine. Therefore, the Court will deny Third-Party Defendant D Hospitality's Motion to Dismiss the fraudulent inducement claim. D Hospitality may revisit this issue after the close of discovery.

---

[6] The United States Court of Appeals for the Third Circuit has noted that *Bruno* did not explicitly overrule *eToll* or its progeny, and created inconsistencies that were not discussed by the *Bruno* court:
> *Bruno* provides that "a negligence claim based on the actions of a contracting party in performing contractual obligations is not viewed as an action on the underlying contract itself, since it is not founded on the breach of any of the specific executory promises which comprise the contract," whereas *eToll* provides that the "gist of the action doctrine should apply to claims for fraud in the performance of a contract."

*Dommel Properties LLC v. Jonestown Bank & Trust Co.*, 626 F. App'x 361, 366 (3d Cir. 2015) (footnotes omitted) (vacating district court's order with respect to negligent misrepresentation and fraud claims where district court did not engage in duty-based analysis that *Bruno* advanced).

11

Likewise, as argued by Third-Party Plaintiff EJH, the economic loss doctrine, which "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from contract[,]" EJH's fraudulent inducement claim cannot be dismissed at this time. As noted above, without developing the record, it is unclear whether the gist of the action is one in contract or in tort. Moreover, the current state of the law suggests that the economic loss doctrine bars only claims sounding in negligence that result solely in economic damages unaccompanied by physical injury or property damage. *See Landau v. Viridian Energy PA LLC*, Civil Action No. 16-2383, 2016 WL 6995038, at * 6 (E.D. Pa. Nov. 30, 2016) (discussing the applicability of *Knight v. Springfield Hyundai*, 81 A.3d 940, 952 (Pa. Super. Ct. 2013), and the rejection of *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002), by the Pennsylvania appellate courts.). Again, D Hospitality may revisit this issue after the close of discovery.

CONCLUSION

For the reasons discussed above, D Hospitality's Motion to Dismiss Third-Party Complaint will be denied. An appropriate order will follow.

Dated: February 16, 2017

BY THE COURT

LISA PUPO LENIHAN
United States Magistrate Judge

cc: All counsel of record
    Via electronic filing